IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTTLAND JOHNSON ,**<br>              **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **CREDENCE RESOURCE MANAGEMENT,**<br>              **Defendant.** | **NO.  16-3936** |

## MEMORANDUM OPINION

Plaintiff Scottland Johnson brings this case against Defendant Credence Resource Management, asserting claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Defendant has filed a motion for summary judgment[1] and seeks statutory attorney's fees.  Plaintiff was granted several chances to respond to Defendant's motion, and was also afforded an opportunity to request discovery.  To date, he has not responded.  The motion shall be granted as to liability and denied as to fees.

## I.      BACKGROUND

Plaintiff filed a complaint *pro se* and *in forma pauperis* against Defendant, alleging that Defendant obtained his consumer credit report without a permissible purpose, in violation of FCRA.  In his complaint, Plaintiff alleges that he has never had any business dealings or accounts with Defendant and that Defendant obtained his consumer credit report without

---

[1] "[S]ummary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (quoting Fed. R. Civ. P. 56(c)).  "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986)).  In deciding a motion for summary judgment, "[t]he reviewing court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).  However, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record. *Celotex*, 477 U.S. at 322-23.  "[T]he non-movant may not rest on speculation and conjecture." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F. 3d 660, 666 (3d Cir. 2016).  Unless otherwise specified by the Court, a party may file for summary judgment "at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).

Plaintiff's consent.  In support of its summary judgment motion, Defendant submitted an affidavit from its Manager of Compliance, Denise Lewis, in which she stated that it obtained Plaintiff's consumer credit report for the purpose of collecting a debt that was placed with Defendant by T-Mobile.  Defendant also submitted docket reports from four similar lawsuits filed by Plaintiff in the Eastern District of Pennsylvania against various debt collectors alleging similar violations of FCRA in connection with the debt collectors' procurement of Plaintiff's consumer credit report.  Finally, Defendant submitted a screenshot of Plaintiff's consumer credit report.

## II.     DISCUSSION

FCRA imposes civil liability for willfully or negligently obtaining a consumer credit report for a purpose that is not authorized by the statute. 15 U.S.C. §§ 1681b(f), 1681n(a), 1681o.  Among the permissible purposes enumerated by the statute is "to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review *or collection of an account of, the consumer*." 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).  This provision allows debt collectors to access credit reports for the purpose of collecting on debts placed with the debt collector by another entity.  *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011).

In her affidavit, Denise Lewis states that on October 20, 2015, T-Mobile placed with Defendant a debt owed by Plaintiff for cellphone services.  Lewis further attests that on October 21, 2015, Defendant obtained Plaintiff's consumer credit report in an effort to collect the T-Mobile debt.  This is confirmed by the screenshot of Plaintiff's consumer credit report, which also shows that Defendant requested Plaintiff's consumer credit report on October 21, 2015.

Taken together, these undisputed facts are sufficient to establish that Defendant accessed Plaintiff's credit report pursuant to a permissible purpose under FCRA.

Plaintiff makes two allegations in his Complaint to support his theory that Defendant unlawfully obtained his credit report, both of which are unavailing. First, he states that he has "never had any business dealings or accounts with" Defendant. Second, he states that Defendant obtained his credit report without his consent. However, neither of these conditions are required for the disclosure of a consumer credit report to be permissible. *See Huertas*, 641 F.3d at 34 (citing 15 U.S.C. § 1681b(a)(3)(A)). Therefore, Defendant is entitled to summary judgment in its favor on the question of liability.

Defendant also requests that the Court award statutory attorney's fees. 15 U.S.C. § 1681n(c). To prevail would "require[] a showing that [the Complaint] was *filed* in bad faith." *Rogers v. Johnson-Norman*, 514 F. Supp. 2d 50, 52 (D.D.C. 2007) (collecting cases). Here, Defendant's sole argument for attorney's fees is that the instant action is one of five lawsuits Plaintiff filed on the same day against debt collectors alleging similar violations of FCRA, and that because the Defendants in four out of five of those cases have "filed dispositive motions," this suit constitutes "harassment." On such a thin record, it is not possible to conclude that the Complaint was filed in bad faith or for the purposes of harassment. Consequently, Defendant is not entitled fees under Section 1681n(c), and so the motion for attorney's fees will be denied.

Dated:  January 31, 2017

BY THE COURT:

/S/WENDY BEETLESTONE, J.

_____
**WENDY BEETLESTONE, J.**

3